UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DAYMON BLADE LOPEZ,<br>　　　　Defendant. | Case No.  24-CR-2551-WQH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title and interest in specific properties of Defendant DAYMON BLADE LOPEZ ("Defendant"), pursuant to Title 21, United States Code, Section 853(a)(1) and 853(a)(2) as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense and any and all property used and intended to be used in any manner and part to commit and to facilitate the commission of the violation of Title 21, United States Code, Section 841(a)(1) as set forth in Count 1 of the Indictment; and pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c) as the firearm and ammunition involved in the violations of  Title 21, United States Code, Section 841(a)(1), Title 18, United States Code, Sections 924(c)(1), 922(g)(1), and 924(a)(8), as set forth in Counts 1-4 of the Indictment; and

1    WHEREAS, on or about April 10, 2025, Defendant pled guilty before
2 Magistrate Judge Lupe Rodriguez, Jr. to Counts 1 and 4 of the Indictment, charging
3 the defendant with Possession of Fentanyl with Intent to Distribute in violation of
4 Title 21, United States Code, Section 841(a)(1) and Felon in Possession of
5 Ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and
6 924(a)(8), and consented to the forfeiture allegations of the Indictment, and agreed
7 pursuant to Title 21, United States Code, Section 853, Title 18, United States Code,
8 Section 924(d)(1), and Title 28, United States Code, Section 2461(c) to forfeit all
9 firearms and ammunition seized in connection with this case including but not limited
10 to the following:

    a. One (1) loaded privately manufactured 9-millimeter pistol incorporating a Polymer80 lower receiver bearing no serial number (commonly referred to as "ghost gun");

    b. one pistol magazine;

    c. Approximately nine (9) rounds of 9-millimeter ammunition; and

WHEREAS, on April 29, 2025, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and the forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited firearm and ammunition and the offenses; and,

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above-referenced firearm and ammunition, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced firearm and ammunition which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty pleas of the Defendant to Counts 1 and 4 of the Indictment, the United States is hereby authorized to take custody and control of the following specific properties, and all right, title and interest of Defendant DAYMON BLADE LOPEZ in the following specific properties are hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. One (1) loaded privately manufactured 9-millimeter pistol incorporating a Polymer80 lower receiver bearing no serial number (commonly referred to as "ghost gun");

    b. one pistol magazine; and

    c. Approximately nine (9) rounds of 9-millimeter ammunition.

2. The aforementioned forfeited specific properties are to be held by the Homeland Security Investigations in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the firearm and ammunition in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited firearm and ammunition must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearm and ammunition, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited firearm and ammunition and any additional facts supporting the petitioner's claim and the relief sought.

6. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned firearm and ammunition, in which all interests will be addressed.

7. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

Dated: July 7, 2025

Hon. William Q. Hayes
United States District Court